# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

KEVIN MILLS                                           PETITIONER

VS.                      NO. 4:98-CR-00069-WRW

UNITED STATES OF AMERICA                        RESPONDENT

## ORDER

Pending is Petitioner's Motion for Relief from Judgment under Rule 60 (Doc. No. 76).

Despite Petitioner's request that I "take judicial notice that this Motion is pursuant to F.R.Civ.P. 60(b)(4), and in <u>no way</u> should it be construed as a Habeas Corpus Petition,"[1] it is, in fact, a successive § 2255 motion. Previously, Petitioner has filed two habeas petitions, a Motion for a New Trial, Motion for Writ of Prohibition, a Petition for Authorization to file a successive habeas petition, and Motion for Reconsideration, all of which were denied.[2]

The Eighth Circuit has held that a petitioner may not circumvent § 2255 procedural requirements by bringing successive § 2255 actions under other names.[3] When a petitioner attempts to circumvent these procedural requirements, a court may reclassify the petitioner's motion. Typically a court must warn a petitioner before reclassifying his pleading as a § 2255 motion.[4] However, this warning does not apply to a petitioner who has presented a previous § 2255 motion and had the opportunity to bring all of his collateral challenges in the previous motion.[5]

---

[1] Doc. No. 76.

[2] *See* Doc. Nos. 58, 60, 67, 68, 69, 72, 73, 74, 75.

[3] *See United States v. Patton*, 309 F.3d 1093 (8th Cir. 2002).

[4] *Morales v. United States*, 304 F.3d 764, 765 (8th Cir. 2002).

[5] *See Willoughby v. United States*, No. 01-588, 2002 WL 31548082, at *3 n.1 (D. Minn. Nov. 12, 2002); *Sheldon v. Hollingsworth*, No. 05-319, 2005 WL 846220, at *2 (D. Minn. Apr. 4, 2005).

As amended in April 1996 by the Antiterrorism and Effective Death Penalty Act, § 2255 requires that all successive § 2255 motions be certified by the appropriate court of appeals before they are considered by the district courts. Because Petitioner failed to obtain certification from the Eighth Circuit Court of Appeals, his motions must be dismissed for lack of jurisdiction.

Accordingly, Petitioner's Motion for Relief from Judgment under Rule 60 (Doc. No. 76) is DENIED.

IT IS SO ORDERED this 25th day of April, 2007.

    /s/ Wm. R.Wilson,Jr.
    UNITED STATES DISTRICT JUDGE